## Zephus's Estate

*Henry C. Baur*, pro se.

WAITE, P. J., January 29, 1932.—This matter comes before the court on an exception to an adjudication and decree made upon the audit of the first and final account of Hugo Lenare, executor of the estate of Kathrina Zephus, alias Kate Lenare, surcharging the executor with $112 payable to Henry C. Baur, attorney of record for Harry Woeckner. The money was paid by the executor directly to Harry Woeckner instead of to the attorney of record. This was done in disregard of an agreement between the executor and the attorney, whereby, in addition to his right as attorney of record, a power of attorney was given by Harry Woeckner, authorizing the payment to be made by the executor to said attorney.

Through the efforts of the attorney of record, an order and decree was made by the court on April 2, 1925, at No. 102, November Term, 1924, in the said estate, directing the executor to pay to Harry Woeckner the sum of $30 per month. In pursuance of this agreement and the order of the court, for a time these payments were made by the executor to the attorney of record. Later the executor made payments direct to said Harry Woeckner without the knowledge or consent of either the attorney or the court. The executor also made final distribution to Harry Woeckner without protecting himself by an order or decree of the court. This he did at his own risk.

The order and decree surcharging the executor, Hugo Lenare, was made by a former judge of this court, who was thoroughly familiar with all of the facts. We think it was justified. An attorney of record for a party to a proceeding stands in the place of the client, so far as payments to him are concerned, and payment to the attorney is payment to the client. It is the duty of the court to protect attorneys of record acting in good faith. This we propose to do. An attorney of record for a distributee, appearing before an auditing judge, has both the right and the authority to receive the amount awarded. Payment direct to the client is irregular and improper.

And now, to wit, January 29, 1932, the exceptions of Hugo Lenare, executor, to the adjudication and decree of November 21, 1931, are dismissed.

From Otto Herbst, Erie, Pa.